# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) VALERO MARKETING AND SUPPLY COMPANY, a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>(1) QUICKEE CONVENIENCE STORE, L.L.C., an Oklahoma limited liability company,<br><br>　　　　Defendant. | Case No. CIV-16-27-R |

## COMPLAINT

Plaintiff Valero Marketing and Supply Company ("Valero"), for its claims against Defendant Quickee Convenience Store, LLC ("Quickee"), alleges and states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Valero is a corporation, formed under the laws of the State of Delaware, with its principal place of business located in the State of Texas.

2. Quickee is a limited liability company formed under the laws of the State of Oklahoma, with its principal place of business located in Kay County, Oklahoma. At all relevant times, Quickee has operated a gasoline station and convenience store at 1205 N. Main Street, Tonkawa, Oklahoma 74653.

3. This is an action for injunctive relief and monetary damages arising out of, *inter alia*, Quickee's infringement and unauthorized use of the Valero® trademarks and trade dress (collectively the "Marks") in connection with gasoline service stations and

false advertising, false designation of origin, deceptive and unfair trade practices, common law trademark infringement, unfair competition and passing off. This action arises, in part, under the the laws of the United States and specifically under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). This Court has original jurisdiction of this claim pursuant to 28 U.S.C. §§ 1331 and 1338. Jurisdiction as to all other claims is proper pursuant to 28 U.S.C. § 1367 because the claims set forth herein are so related that they form a part of the same case or controversy.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims have occurred and are occurring in this district.

## FACTS

5. For decades, Valero has been a leading service provider in the business, *inter alia*, of marketing and supplying transportation fuels, including the distribution and sale of refined petroleum gasoline and diesel fuel products, provided in connection with service station and convenience store services. Valero markets and sells various branded fuels, including the Valero® brand, as part of its business in association with the Services.

6. The Marks have been validly registered with, and granted by, the United States Patent and Trademark Office with registration numbers 3,182,496, 2,927,757, 3,108,715 and 2,656,973.

7. The Marks have become a distinctive and recognizable name, symbol and/or color scheme to consumers seeking reliable and quality gasoline and diesel fuel

products and service station and convenience store services. By virtue of Valero's long, continuous, and exclusive use of the Marks in connection with the Services, consumers have come to place trust and confidence in the Marks in connection with the Services. As a result, Valero has created valuable goodwill and widespread consumer recognition in its distinctive marks.

8. Valero authorizes the use of the Marks exclusively through Branded Distributor Marketing Agreements with approved distributors pursuant to strict terms and conditions. Quickee is not a party to any such agreement and has no right to use the Marks.

9. Despite multiple objections and notices provided by Valero, Quickee has willfully adopted and continued to use the the Marks in connection with services identical to those rendered by Valero and its authorized dealers. Such continued willful use of the Marks is a deliberate attempt by Quickee to confuse consumers as to the source of its products and services and to trade upon Valero's goodwill.

10. As a result of Quickee's willful and blatant infringement of the Marks, actual confusion of consumers occurs on a daily basis causing significant harm to Valero's longstanding goodwill of its business.

11. Despite Valero's efforts to resolve this matter amicably through clear and explicit notices to Quickee to cease and desist its unlawful use of the Marks, Quickee continues to deliberately and willfully attempt to trade upon Valero's reputation and goodwill in the Marks.

**FIRST CLAIM FOR RELIEF**
**(Federal Unfair Competition, False Advertising and False Designation of Origin)**

12. Valero adopts and realleges the allegations of Paragraphs 1-11 of this Complaint.

13. This claim is brought pursuant to the trademark laws of the United States, specifically, Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for Quickee's unlawful use and infringement of the Marks.

14. Quickee's use of the Marks in association with the Services is likely to cause confusion, or to cause mistake, or to deceive as to the source, origin and sponsorship of Quickee and its products and services and to mislead the public into believing that Quickee and its products and services are affiliated, connected, or associated with Valero, and that Quickee's products and services originate, are sponsored by, or somehow approved by Valero.

15. Quickee's use of the Marks in connection with advertising and/or sale of its products and services constitutes a false designation of origin, false description and false representation that the products and services provided by Quickee, originate from or are sponsored, approved or authorized by Valero, and is likely to cause confusion, or to cause mistake, or to deceive in violation of 15 U.S.C. § 1125(a).

16. As a result of Quickee's unlawful conduct, Valero has been and will continue to be damaged.

17. Valero will suffer irreparable harm should Quickee's infringement be allowed to continue to the detriment of Valero's reputation and goodwill.

18. Valero's remedy at law is not by itself adequate to compensate for the injuries inflicted and threatened by Quickee.

19. Quickee's acts are in bad faith, willful and in conscious or reckless disregard for the rights of others such that this is an exceptional case for which Valero is entitled to treble damages, inclusive of Quickee's profits, and attorneys' fees in accordance with 15 U.S.C. § 1117.

## SECOND CLAIM FOR RELIEF
### (Violation of the Oklahoma Deceptive Trade Practices Act)

20. Valero adopts and realleges the allegations of Paragraphs 1-19 of this Complaint.

21. This claim is brought pursuant to 78 Okla. Stat. § 53, the Oklahoma Deceptive Trade Practices Act, for Quickee's unlawful use of the Marks which constitutes the knowing and false representation as to sponsorship, approval, affiliation, connection, association with or certification by Quickee and efforts to pass off Quickee's goods and services as those of Valero's and to trade on Valero's goodwill.

22. As a result of Quickee's unlawful conduct, Valero has been damaged and is entitled to recover its attorneys' fees pursuant to 78 Okla. Stat. § 54.

23. Valero's remedy at law is not by itself adequate to compensate it for the injuries inflicted. Quickee's activities have caused and will continue to cause irreparable harm to Valero, for which Valero has no sufficient remedy at law.

## THIRD CLAIM FOR RELIEF
### (Unfair Competition, Common Law Trademark Infringement, Passing Off)

24. Valero adopts and realleges the allegations of Paragraphs 1-23 of this Complaint.

25. This claim is brought pursuant to the common law of the State of Oklahoma for unfair competition and trademark infringement.

26. Quickee has intentionally, knowingly and willfully used identical and confusingly similar imitations of the Marks with full knowledge of Valero's rights to the Marks and with the willful and calculated purpose of harming or trading on Valero's established goodwill and business reputation and in a manner calculated to imply false sponsorship of or approval by Valero for the purpose of misleading and deceiving the public.

27. Quickee's conduct constitutes infringement of Valero's common law rights to its marks and has damaged and will continue to damage irreparably Valero's goodwill and reputation unless enjoined by this Court.

28. In addition to common law infringement, Quickee has also engaged in unfair competition under the common law of Oklahoma in which it has engaged in its activities through reliance on consumer confusion and its deliberate efforts to poach upon Valero's goodwill and reputation.

29. As a result of Quickee's unlawful conduct, Valero has been and will continue to be damaged.

30. Valero's remedy at law is not by itself adequate to compensate it for the injuries inflicted. Quickee's activities have caused and will continue to cause irreparable harm to Valero, for which Valero has no sufficient remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Valero requests that judgment be entered in its favor and against Quickee, including:

(a) That Quickee, its partners, agents, employees, owners and all persons in active concert or participation with Quickee, be preliminarily and permanently enjoined and restrained from:

    (i) using Valero's Marks, and any other mark or symbol or name that is confusingly similar to any of Valero's Marks;

    (ii) engaging in any other conduct which will cause, or is likely to cause, confusion, mistake, deception, or misunderstanding as to source, or to the affiliation, connection, association, origin, sponsorship, or approval of Quickee's products and services and/or other activities with or by Valero;

    (iii) otherwise infringing upon Valero's Marks or unfairly competing with Valero in any manner whatsoever; and

    (iv) impersonating Valero or any of its affiliates or representatives;

(b) That an accounting be ordered and judgment be rendered against Quickee for all profits received from its actions utilizing Valero's Marks and any confusingly similar use or imitations of the Marks;

(c) That the award of profits resulting from Quickee's infringement, unfair competition, and false designation of origin of services be trebled;

(d) That Valero recover its actual damages to be proven at trial;

(e) That the award of actual damages from Quickee's infringement, unfair competition, and false designation of origin of services be trebled;

(f) That Quickee be required to immediately deliver up for destruction all advertising and promotional materials, including marquees/signage, all packaging materials, and all business documents, including labels, cartons, brochures, business stationary, calling cards, information sheets, posters, signs and any and all other printed or graphic materials of any type which include confusingly similar usages of Valero's Marks;

(g) That Quickee be directed to file with the Court and serve on Valero, after entry of an injunction, a report in writing under oath setting forth in detail the manner and form in which Quickee has complied with the injunction;

(h) That Valero be awarded pre-judgment and post-judgment interest;

(i) That Valero be awarded its costs in connection with this action, including reasonable attorneys' fees and expenses; and

(j) That Valero be awarded such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Valero hereby demands a trial by jury on all claims that may be tried before a jury.

Dated: January 14, 2016

Respectfully submitted,

**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**

By: _____
John F. Heil, III, OBA # 15904
Johnathan L. Rogers, OBA # 21341
320 South Boston Avenue, Suite 200
Tulsa, OK 74103-3706
Telephone: (918) 594-0400
Facsimile: (918) 594-0505
Email: jheil@hallestill.com
          jrogers@hallestill.com

and

Anthony J. Jorgenson, OBA #17074
Julianna G. Deligans, OBA #19792
100 N. Broadway
Chase Tower, Suite 2900
Oklahoma City, OK 73102-8865
Telephone (405) 553-2828
Facsimile (405) 553-2855
Email: ajorgenson@hallestill.com
          jdeligans@hallestill.com

**ATTORNEYS FOR PLAINTIFF VALERO MARKETING AND SUPPLY COMPANY**

2573094.1:820058:02171